IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-83(1) |
| | § | C.A. No. C-05-153 |
| JUAN CARLOS TRINIDAD-RENOVATO, | § | |
| | § | |
|    Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Juan Carlos Trinidad-Renovato's ("Trinidad") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 25),[1] which the Court deems filed as of March 18, 2005.[2] The Court ordered the government to respond, and the government filed a response and also moved for dismissal of the motion. (D.E. 26-28). For the reasons discussed in detail herein, the Court GRANTS the government's motion to dismiss and DENIES Trinidad's § 2255 motion. Additionally, the Court DENIES Trinidad a Certificate of Appealability.

---

[1] Dockets entries refer to the criminal case, C-03-cr-83.

[2] Although Trinidad's motion was received by the Clerk on March 23, 2005, it is dated March 18, 2005. Thus, March 18, 2005 is the earliest date it could have been delivered to prison authorities for filing, the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date. Utilizing either date, the motion is timely.

# I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

# II. FACTS AND PROCEEDINGS

## A.  Summary of Offense[3]

On March 19, 2003, Trinidad was the driver and sole occupant of a 1995 Oldsmobile Sierra that entered the Sarita, Texas border patrol checkpoint. Border patrol agents noticed that he seemed nervous and also detected a strong odor of air freshener coming from the passenger area of the vehicle. The agents asked and received consent to search the vehicle.

While in the secondary inspection area, a service canine alerted to the engine area of the vehicle. Agents raised the hood, and the canine alerted to the vehicle's battery. Upon searching the battery, agents discovered a false compartment containing five bundles of cocaine weighing 3.42 kilograms. Trinidad told the border patrol agents that he did not wish to answer any questions without his attorney present. He later invoked his right to counsel when he was questioned by agents with the Drug Enforcement Agency.

## B.  Criminal Proceedings

On April 9, 2003, Trinidad was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 3.63 kilograms of

---

[3] Factual information concerning the offense is derived from the Presentence Investigation Report ("PSR") at ¶¶ 4-5.

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1). On June 2, 2003, Trinidad pleaded guilty. (D.E. 7). There was no plea agreement between him and the government.

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on August 26, 2003. (D.E. 8, 12). In written objections and again at sentencing, defense counsel objected to the PSR on the grounds that it did not give the defendant a two-level reduction in his offense level pursuant to the so-called "safety valve." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. One of those requirements is that, prior to sentencing, a defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). In denying Trinidad safety valve relief, the probation officer relied on the assessment of the DEA agent that defendant had not truthfully debriefed. (PSR at pp. 11-12).

At sentencing, the Court heard testimony from the DEA agent to whom Trinidad had debriefed and also heard argument from Trinidad's counsel, and concluded that Trinidad had not truthfully debriefed. (D.E. 20, Sentencing Transcript ("S. Tr." at 4-21). Accordingly, Trinidad was not eligible for safety-valve relief. (S. Tr. at 21).

Without the safety valve, Trinidad's guideline sentence was 60 to 71 months. The government recommended a sentence of 64 months. (S. Tr. at 21). The Court sentenced Trinidad to 64 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and imposed a $100 special assessment. (D.E. 12, 14). Judgment of conviction and sentence was entered September 2, 2003. (D.E. 14). Trinidad timely appealed, and the Fifth Circuit affirmed in a *per curiam* opinion. (D.E. 22, 23). Trinidad then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 4, 2004. (D.E. 24; Trinidad-Renovato v. United States, 125 S. Ct. 211 (2004)). Trinidad's timely § 2255 motion was filed March 18, 2005. (D.E. 25).

### III. MOVANT'S ALLEGATIONS

In his brief motion, Trinidad asserts only a single claim. Specifically, he asserts that his guilty plea was not knowing and voluntary. In support of his claim, he asserts that his lawyer insisted that he should plea guilty in order to avoid a jury trial and the maximum end of the sentence. He avers that, had he known he would be receiving an enhancement, he would have proceeded to trial instead of pleading guilty. For the reasons set forth herein, Trinidad's claim fails.

### IV. DISCUSSION

#### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the

district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

## B. PROCEDURAL BAR

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

The government argues that Trinidad is barred from challenging his guilty plea, because he failed to challenge the voluntary or knowing nature of his guilty plea before the sentencing court or on appeal. To the extent that Trinidad is making a direct claim that his guilty plea was unknowing or involuntary, his claim is procedurally barred. The Court

interprets Trinidad's motion, however, as claiming that his counsel was ineffective for encouraging him to plead guilty. An ineffective assistance claim is properly made for the first time in a § 2255 motion because it raises an issue of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, the Court will address this claim on its merits.

### C. Ineffective Assistance of Counsel As to Plea

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Trinidad claims that he received ineffective assistance as to his plea because his attorney insisted that he should plead guilty. He also appears to be claiming that his counsel did not inform him that he could or would receive an "enhancement." Because his sentence was not "enhanced" based on any findings by the Court, the Court construes his claim to be one that his counsel failed to inform him of the possibility that he would not receive the safety valve.

The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). At the time that Trinidad pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences). Indeed, in this case, Trinidad's own testimony makes clear that his guilty plea was knowing and voluntary.

At his rearraignment, Trinidad testified in open court that he had received a copy of his indictment and discussed it with his attorney. (R. Tr. at 5). He testified that he had enough time to talk with his attorney about his case, that he was satisfied with his services, that he was following Trinidad's instructions, and that he had made himself available to answer all of Trinidad's questions. (R. Tr. at 6). The Court informed Trinidad of the

7

various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (R. Tr. at 6-12). The Court informed Trinidad of the charge against him and Trinidad testified that he had discussed with his attorney what the charge meant and that he understood what the government would have to prove at trial. (R. Tr. at 9-10).

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Trinidad the maximum punishment that he might receive. Specifically, the Court informed him that he could be sentenced to a maximum of 40 years in prison and that there was a mandatory minimum sentence of five years. (R. Tr. at 10-11). The Court informed him that there was a maximum possible fine of $2 million and that there was a mandatory $100 special assessment, and a minimum supervised release term of four years. (R. Tr. at 11). Trinidad testified that he understood. (R. Tr. at 11). Trinidad further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency for pleading guilty, and that it was his decision to plead guilty. (R. Tr. at 13-14, 15). The Court questioned Trinidad to ensure that he understood he might not receive the safety valve or any downward departure and Trinidad testified that he understood. (R. Tr. at 12-13)

Trinidad's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302

F.3d 279, 283-84 (5th Cir. 2002). Put simply, Trinidad's sworn statements preclude the relief he seeks here. His guilty plea was not induced by any promise of counsel. The record fully supports the conclusion that he was informed about the statutory minimum sentence applicable to his offense, and the maximum sentence. His testimony at rearraignment directly contradicts his claim now that, had he known he could receive a sentence of 64 months, he would have proceeded to trial. Thus, those sworn statements preclude the relief he seeks here. There is no evidence that he was misled about his sentence or promised any specific sentence. Similarly, his claim that he did not know or understand his possible sentencing exposure fails because he was informed of that exposure prior to entering his plea.

It does not appear that Trinidad is claiming his counsel "promised" him he would receive any type of specific sentence. To the extent he is, however, he could proceed on that claim only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110. A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party. Id. Trinidad has not alleged specific facts about any sentence

9

promised or about the identity of any witnesses to the promise, and has not provided any evidence showing the merit of his allegations. Thus, he would be unable to obtain relief under the Cervantes exception.

In short, it is clear that Trinidad cannot show that he would have insisted on going to trial but for counsel's performance, despite his bare allegations now to the contrary. Thus, Trinidad cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance on this issue was deficient. His ineffective assistance claim fails.

### D.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Trinidad has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Trinidad's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Trinidad is not entitled to a COA as to his claims.

## V. CONCLUSION

For the above-stated reasons, the government's motion to dismiss (D.E. 28) is GRANTED, and Trinidad's motion under 28 U.S.C. § 2255 (D.E. 25) is DISMISSED WITH PREJUDICE. The Court also DENIES him a Certificate of Appealability.

Ordered this 28th day of December, 2005.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE